UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY KING JR. and YVONNE
CROSS,

        Plaintiffs,

v.

U.S. BANK NATIONAL, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 07-11359

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**:

I recommend that Defendants U.S. Bank National Association, America's Servicing Company and Credit Suisse's Motion for Judgment on the Pleadings and/or Motion for Summary Judgment be granted as to Count I of the Amended Complaint. I further recommend that the Motion be granted as to the claim of Plaintiff Yvonne Cross in Count II, but denied as to the claim of Plaintiff Jerry King Jr. in Count II.

**II.    REPORT**:

    **A.    Procedural History**

Plaintiffs filed their initial *pro se* Complaint on March 28, 2007. On March 30, 2007, they filed an Amended Complaint.[1] Answers to the Amended Complaint were filed by U.S. Bank National Association ("U.S. Bank") on July 2, 2007, and by Credit Suisse and

---

[1] No exhibits were attached to the Amended Complaint. Based upon references in the Amended Complaint to Exhibits A through E, I assume that Plaintiffs refer to the Exhibits A through E that were attached to their original Complaint.

America's Servicing Center ("ASC") on August 1, 2007.  Plaintiffs filed a Motion for Default Judgment on August 27, 2007.  Defendants U.S. Bank, Credit Suisse and ASC filed their Response to the Motion for Default on August 30, 2007.  On November 20, 2007, the undersigned magistrate judge issued a Report and Recommendation that the Motion be denied.  The Report and Recommendation was adopted by the court in a written Order on January 8, 2008.

Defendants U.S. Bank, Credit Suisse and ASC ("Movants") filed their Motion for Summary Judgment on December 11, 2007.  Plaintiffs have filed no Response to that Motion.

### B.  Applicable Law and Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a Complaint must be dismissed if it fails to state a claim upon which relief may be granted.  A Complaint need not contain detailed factual allegations.  Nonetheless, a plaintiff's obligation to provide the "grounds" of his entitlement to relief, as required by Fed.R.Civ.P. 8(a)(2), requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Rather, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that the allegations are true.  Bell Atlantic Corporation v. Twombly, 127 S.Ct. 155, 164-65 (2007).  The pleading must contain something more than a statement of facts which creates a mere suspicion of a legally cognizable right of action.  The court should proceed on the assumption that all the allegations of the Complaint are true.  A well pleaded Complaint may proceed even if it appears "that a recovery is very remote and unlikely," and Rule 12(b)(6) does not countenance dismissal based on a judge's disbelief of the plaintiff's factual allegations.  Id.

Fed.R.Civ.P. 12(c) provides, in pertinent part, that "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for a judgment on the pleadings." The standard of review applicable to a motion for judgment on the pleadings under 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511-12 (6th Cir. 2001). "All well pleaded material allegations on the non-moving party's pleadings are taken as true and allegations of the moving party that have been denied are taken as false." Southern Ohio Bank v. Merryl Lynch Pierce Fenner and Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). The motion should be granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. United States v. Moriarty, 8 F.3d 329, 332 (6th Cir. 1993).

Fed.R.Civ.P. 12(d) provides that "[i]f on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Summary judgment under Rule 56 is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an essential element of the parties case on which that party bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party meets this burden, the

3

non-moving party must come forward with specific facts showing that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. Adickes v. S.H. Kress and Co., 398 U.S. 144, 157 (1970). The non-moving party may not rest on its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which a jury could reasonably find for the non-moving party. Hopson v. Daimler Chrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

**C.** **Factual Background**

On May 20, 2004, Plaintiff Jerry King ("King") executed a mortgage in favor of MILA, Inc., dba Mortgage Investment Lending Associates, Inc. The mortgage is recorded in Liber 40803, page 567, in the Office of the Wayne County Register of Deeds. (Movants' Exhibit A). The mortgage encumbered property commonly known as 510 West Grixdale, in Detroit, Michigan (hereinafter "Grixdale real estate"). The mortgage was subsequently assigned to Defendant U.S. Bank National Association ("U.S. Bank"), as trustee for Credit Suisse First Boston MBS HEAT 2004-5. (Movants' Exhibit B). Defendant America's Servicing Company ("ASC") serviced the mortgage loan prior to and during a foreclosure process under state law.

U.S. Bank and/or ASC determined that King had defaulted on the mortgage in January 2006, and the loan was referred to the law firm of Trott and Trott (Trott lawfirm), in April of that year, for commencement of foreclosure proceedings. A foreclosure sale was

scheduled for May 17, 2006. Prior to the sale on that date, the Trott lawfirm received a document entitled "Acknowledgment . . . Power of Attorney." (Movants' Exhibit C). The foreclosure sale was adjourned to June 7, 2006, at 1:00 p.m.[2]

On May 23, 2006, Plaintiff Yvonne Cross ("Cross") sent a letter to the Trott lawfirm in which she disputed that King's mortgage loan was in default. (Movants' Exhibit D). Ebony Gerwin, an attorney in the Trott firm responded to Cross' letter by corresponding directly with King in a letter dated June 5, 2006. (Movants' Exhibit E). On June 7, 2006, King filed a Chapter 13 Bankruptcy action in the U.S. Bankruptcy Court for the Eastern District of Michigan, under Case No. 06-47218. (Movants' Exhibit F). In response to the bankruptcy petition, the Trott lawfirm cancelled the scheduled foreclosure sale. King, however, failed to file any of the required documents to support his bankruptcy petition, and failed as well to attend the Section 341 meeting of creditors. As a result, his case was dismissed on July 25, 2006. (Movants' Exhibit G).

A foreclosure sale for the subject real estate was scheduled for September 7, 2006, at 1:00 p.m. On the morning of that date, King filed a Chapter 7 Bankruptcy proceeding, Case No. 06-52424. (Movants' Exhibit H). U.S. Bank filed a Motion for Relief from the Automatic Stay. The court granted the Motion on November 3, 2006. (Movants' Exhibit I). King failed to pay the filing fee, and again failed to appear at the Section 341 meeting of creditors. His second bankruptcy petition was dismissed by the court on November 17, 2006. (Movants' Exhibit I).

---

[2] Movants claim that the adjournment followed their receipt of another document entitled "Affidavit Declaration of Land Patent." They cite Exhibit C to their motion, but no such document appears in the exhibit.

The Trott lawfirm resumed foreclosure proceedings and scheduled a sale for January 3, 2007, at 1:00 p.m. On that date, King filed a third bankruptcy petition. (Movants' Exhibit J). The Trott lawfirm proceeded with the sale of the property, on the theory that the automatic stay provisions of Title 11 U.S.C. §362 were not triggered, as King had filed three petitions in bankruptcy within twelve months. Subsequently, King again failed to file any of the required documents, and his third bankruptcy case was dismissed by the court on January 23, 2007. (Movants' Exhibit K).

### D. Analysis

Count I of Plaintiffs' Amended Complaint seeks money damages "for the defendant's (sic) violating a stay under Title 11 §362 (sic)." The only defendants specifically mentioned in that count are Trott and Trott P.C., HSBC Bank USA, N.A., and Nomura Home Equity Loan, Inc. On that basis alone, judgment in favor of Defendants U.S. Bank National Association, America's Servicing Company and Credit Suisse would be appropriate, as no allegations against those defendants are stated. Even if Count I had contained factual allegations directed to the Movants, however, they would be entitled to judgment for the reasons stated below.

#### 1. Count I

##### a. Claim of Plaintiff Yvonne Cross

As stated in my Report and Recommendation of November 20, 2007, the Amended Complaint states no cause of action by Plaintiff Cross based upon a violation of the Federal Bankruptcy Act. Nothing in the Amended Complaint or the exhibits submitted by Plaintiffs alleges or demonstrates that Cross held any interest in the Grixdale real estate subject to the Movants' mortgage, or that she was obligated in any manner on the mortgage debt, or

that she filed a petition in bankruptcy. On the contrary, Plaintiffs' exhibits demonstrate that Jerry Dwayne King, Jr. alone filed a petition requesting relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan, in Case No. 07-40141, on January 3, 2007. (Plaintiffs' Exhibits B and C). Plaintiff Cross has demonstrated no basis whatever for relief under the Bankruptcy Act. Accordingly, the Defendants are entitled to Judgment on the claim of Yvonne Cross in Count I of the Amended Complaint.

### b. Claim of Jerry Dwayne King Jr.

The Amended Complaint adequately alleges that Jerry Dwayne King Jr. filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Act on January 3, 2007. King claims that he was entitled to the benefit of an automatic stay of any act to create, perfect or enforce any lien against his property, pursuant to Title 11 U.S.C. §362. He further alleges that he provided notice of his bankruptcy petition to the attorney conducting the foreclosure sale on the Grixdale property on January 3, 2007. He seeks money damages for Defendants' alleged breach of the automatic stay.

Defendants rely upon the 2005 amendments to the Bankruptcy Act. Section 362(c)(4)(A)(i) was added by those amendments. That section provides that, if a bankruptcy petitioner had two or more bankruptcy cases pending but dismissed within the previous year, the automatic stay does not go into effect upon the filing of a subsequent petition. Under such circumstances, a non-judicial foreclosure sale, even with notice of the third bankruptcy petition, will not violate the bankrupt's rights under the Code. Dixon v. Federal National Mortgage Association, 2006 WL 3371500 (S.D. Tx).

7

In support of their Motion for Judgment on the Pleadings/Motion for Summary Judgment, Movants have attached copies of additional records of the United States Bankruptcy Court for the Eastern District of Michigan.  Those documents are public records of which this court may take judicial notice.  F.R.E. 201; 29 Am. Jur. 2nd Evidence §139 (2007) ("federal courts generally may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.")  King filed Bankruptcy Case No. 06-47218 on June 7, 2006, and his Petition was dismissed by the court on July 25, 2006.  (Movants' Exhibit G).  King then filed Bankruptcy Case No. 06-52424 on September 7, 2006, only to have it dismissed by the court on November 17, 2006.  (Movants' Exhibits H and I).  Plaintiffs have filed no response to Defendants' Motion for Judgment on the Pleadings/Motion for Summary Judgment.  Nor have they provided the court with any evidence upon which to find that King's January 3, 2007 Petition in bankruptcy action 07-40141 gave rise to an automatic stay despite his two prior dismissed petitions during the previous year.

Fed.R.Civ.P. 12(b)(6) allows a defendant to test whether, as a matter of law, a plaintiff is entitled to legal relief even if everything alleged in the complaint is true.  See Minger v. Green, 239 F.3d 793, 797 (6th Cir. 2001).  In reviewing a motion to dismiss pursuant to the Rule, the court must "accept all of the plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle plaintiff to relief."  GM Engineers and Associates, Inc. v. West Bloomfield Twp., 922 F.2d 328, 330 (6th Cir. 1990).  In determining whether a Complaint fails to state a claim, the court may consider, without converting the Motion to Dismiss into a Motion for Summary Judgment, facts alleged in the Complaint, any documents attached or incorporated in the Complaint,

8

and public documents of which the court may take judicial notice. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 510 n.2 (2002); Wyser-Pratte Mgmt. Co. v. Textron Corp., 413 F.3d 553, 560 (6th Cir. 2005); New England Health Care Pension Fund v. Ernst and Young, L.L.P., 336 F.3d 495, 501 (6th Cir. 2003). Thus, accepting all of the factual allegations in the Amended Complaint as true, but in light of the additional facts properly submitted in support of Defendants' Motion, I conclude as a matter of law that no automatic stay came into existence in King's third bankruptcy case, and that Count I of the Amended Complaint fails to state a claim upon which relief may be granted in favor of King. I recommend that the Motion to Dismiss be granted as to that claim. Alternatively, I find that no genuine issue of material fact exists as to King's Count I claim against these Defendants, and that they are entitled to Fed.R.Civ.P. 56 relief as a matter of law.

### 2. Count II

Count II of the Amended Complaint is premised upon the Fair Debt Collection Practices Act, (hereinafter "FDCPA" or "the Act"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. 15 U.S.C. §1692 et seq. The Amended Complaint alleges that "Plaintiff's (sic) sent the Co-Defendant's (sic) and Trott and Trott a letter requesting them to validate the debt . . ." (Presumably the mortgage debt on the Grixdale real estate). Plaintiffs allege that, despite their communication, Defendants proceeded with collection efforts in violation of the FDCPA, and that Plaintiffs are entitled to damages under the Act.

### a. Claim of Plaintiff Yvonne Cross

As stated in my Report and Recommendation of November 20, 2007, I conclude that Count II of the Amended Complaint, like Count I, fails to state an individual claim as to Plaintiff Cross. The pleading, taken together with the referenced exhibits, and liberally construed, fails to establish any relationship whatsoever between Cross and the mortgage debt which the moving Defendants were attempting to collect. There is no allegation that Cross has an interest in the Grixdale real estate which was allegedly sold at the foreclosure sale. It is clear that Cross was not a party to the mortgage on that real estate. There is no allegation or evidence that she is in any way an obligator on the underlying debt. The stated purpose of the Fair Debt Collection Practices Act is "to protect consumers against debt collection abuses." 15 U.S.C. §1692c. The Act defines the term "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3). 15 U.S.C. §1692g(b) obligates a debt collector to cease collection activity upon notice from "the consumer" that the debt is disputed. As Cross is neither the debtor nor a person with a legal interest in the secured real estate, her communications with the Trott lawfirm and/or the moving Defendants could give rise to no cause of action in her own right under the FDCPA based upon failure to suspend collection activity. The Amended Complaint utterly fails to allege that any moving Defendant directed debt collection activity at Cross. She has no standing to assert an FDCPA violation based on collection efforts aimed at someone else. See Dewey v. Associated Collectors, Inc., 927 F.Supp. 1172, 1174 (W.D. WI 1996); Burdett v. Harrah's Kansas Casino Corp., 294 F.Supp. 2nd 1215, recon. denied, 311 F.Supp. 2nd 1166 (D. Kan. 2003). Courts have allowed derivative claims under the Act asserted by persons with a legal status entitling them to stand in the shoes of the debtor

("consumer"). But the Amended Complaint and the exhibits to which it refers fail to assert such a legal status. Furthermore, as Plaintiff King is a party to this action, a derivative claim is totally unnecessary. The Federal Rules of Civil Procedure require that an action be prosecuted in the name of the real party in interest. Fed.R.Civ.P. 17(a). Accordingly, Cross' individual claim under Count II of the Amended Complaint should be dismissed as to the moving Defendants.

### b. Claim of Plaintiff Jerry Dwayne King Jr.

The Movants also seek dismissal/summary judgment on the Count II Fair Debt Collection Practices Act claim of Plaintiff King. For purposes of this Motion only, the Defendants concede that they were "debt collectors" as defined by the FDCPA. They assert, however, that King has failed to establish a violation of the Act. Specifically, they maintain that King, as the "consumer," failed to personally request validation of his underlying debt pursuant to 15 U.S.C. §1692g. That section provides, in pertinent part, as follows:

> (b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. §1692g.

The moving Defendants argue that King "fails to allege that he personally requested validation of the debt." (Defendants' Brief, Page 7). They cite a reference in the Amended

11

Complaint to a "letter" attached thereto as Exhibit E.³ The Movants attached to their motion a portion of Plaintiffs' Exhibit E. (Movants' Exhibit M). Their Exhibit M depicts the following: (a) an "Affidavit of Statement in Response to Foreclosure Notice" from Yvonne Andrea Cross - El, a "natural person, who is the heir to JERRY KING JR. the DEBTOR."; and (b) a "Notice and Demand" from Yvonne Andrea Cross - El seeking "validation of purported debt" under 15 U.S.C. §1601, 1692 et seq. The Movants rely as well upon an Affidavit of Ebony Gerwin, an attorney with the Trott lawfirm, which avers that, on or about May 23, 2006, she received "a correspondence from an individual identifying herself as Yvonne Cross," which "purported to dispute the mortgage debt owed by Jerry King." The Affidavit further states that, in response to Cross' correspondence, Gerwin obtained Mr. King's payment history and sent it to his home address with a written request that he advise Gerwin of any discrepancies. Finally, the Affidavit states that Gerwin has reviewed all of her firm's records regarding "this matter" and "it does not appear that Mr. King ever responded" to her mailing. (Movants' Amended Exhibit G).

    I find the Movants' argument deficient. First, the documents attributed to Yvonne Cross, and depicted in Movants' Exhibit M, have no relevance to the mortgage debt on the Grixdale real estate. Both documents relate expressly to real estate at 858 Edison Street, in the City of Detroit, upon which defendants other than the Movants held a mortgage. Those Defendants, Mortgage Electric Registration Systems, Inc., HSBC Bank USA, (and Trott and Trott PC) were the addressees of both documents. Thus, the inadequacy of

---

³ Defendants also assume that, while no exhibits were attached to the Amended Complaint, Plaintiffs' references therein to Exhibits A through E pertain to the Exhibits A through E attached to the original Complaint.

Cross' communications (as depicted in Movants' Exhibit M) for purposes of the Fair Debt Collection Practices Act claims against the moving Defendants is irrelevant.

Second, Movants fail to address other documents which were included in Plaintiffs' Exhibit E. Those include two documents issued to Movants by Jerry Dwayne King Jr. - El. One of those is an "Affidavit of Statement in Response to Foreclosure Notice" containing explicit reference to the Grixdale real estate. The second is a "Notice and Demand" that the Movants cease and desist collection activities prior to validation of purported debt. That document explicitly refers to the mortgage on the Grixdale real estate.[4]

The moving Defendants have failed to address the significance of the Affidavit and Notice allegedly directed to them by King with specific reference to the mortgage obligation they were admittedly attempting to enforce. While the imprecision of Plaintiffs' pleading is nothing short of breathtaking, I am not prepared to conclude at this juncture that King's allegations under Count II of the Amended Complaint (liberally construed) fail to state a claim, or that there is no genuine issue of material fact and that Defendants are entitled to Judgment as a matter of law. Rather, I conclude that Movants must address the legal significance of King's alleged communications to them regarding the debt underlying the Grixdale mortgage. Accordingly, I recommend that Defendants' Motion be denied as to Jerry King's Fair Debt Collection Practices Act claim in Count II of the Amended Complaint.

---

[4] The signatures on the copies of the King Affidavit and Notice in the court record are illegible. Each bears a notary jurat executed by Yvonne Cross. In the absence of evidence to the contrary, I proceed on the assumption that Plaintiff King is the signer of each instrument. He is expressly identified as the declarant of the Affidavit, and his name and (Grixdale) address appear at the top of the Notice.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: March 27, 2008

_____

## CERTIFICATE OF SERVICE

      I hereby certify on March 28, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 28, 2008. **Jerry King, Yvonne Cross.**

                                                        s/Michael E. Lang
                                                        Deputy Clerk to
                                                        Magistrate Judge Donald A. Scheer
                                                        (313) 234-5217