UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY KING JR. and YVONNE
CROSS,

        Plaintiffs,

v.

TROTT AND TROTT P.C., et al.,

        Defendants.
_____/

CIVIL ACTION NO. 07-11359

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**:

I recommend that Defendant Trott and Trott P.C.'s Motion for Summary Judgment and Motion for Judgment on the Pleadings be granted as to Count I of the Amended Complaint. I further recommend that the Motion be granted as to the claim of Plaintiff Yvonne Cross in Count II, but denied as to the claim of Plaintiff Jerry King Jr. in Count II.

**II.    REPORT**:

    **A.    Procedural History**

Plaintiffs filed their initial *pro se* Complaint on March 28, 2007. On March 30, 2007, they filed an Amended Complaint.[1] Defendant Trott and Trott P.C. filed an Answer to the original Complaint on May 3, 2007, and to the Amended Complaint on May 4, 2007.

---

[1] No exhibits were attached to the Amended Complaint. Based upon references in the Amended Complaint to Exhibits A through E, I assume that Plaintiffs refer to the Exhibits A through E that were attached to their original Complaint.

The instant Motion for Summary Judgment and/or Motion for Judgment on the Pleadings was filed by Defendant Trott and Trott, P.C. on December 11, 2007. Plaintiffs have filed no Response.

**B.    Applicable Law and Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that a Complaint must be dismissed if it fails to state a claim upon which relief may be granted. A Complaint need not contain detailed factual allegations. Nonetheless, a plaintiff's obligation to provide the "grounds" of his entitlement to relief, as required by Fed.R.Civ.P. 8(a)(2), requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Rather, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that the allegations are true. Bell Atlantic Corporation v. Twombly, 127 S.Ct. 155, 164-65 (2007). The pleading must contain something more than a statement of facts which creates a mere suspicion of a legally cognizable right of action. The court should proceed on the assumption that all the allegations of the Complaint are true. A well pleaded Complaint may proceed even if it appears "that a recovery is very remote and unlikely," and Rule 12(b)(6) does not countenance dismissal based on a judge's disbelief of the plaintiff's factual allegations. Id.

Fed.R.Civ.P. 12(c) provides, in pertinent part, that "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for a judgment on the pleadings." The standard of review applicable to a motion for judgment on the pleadings under 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511-12 (6th Cir. 2001). "All well pleaded material allegations on the non-moving party's pleadings are taken as true and allegations of the

2

moving party that have been denied are taken as false." Southern Ohio Bank v. Merryl Lynch Pierce Fenner and Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). The motion should be granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. United States v. Moriarty, 8 F.3d 329, 332 (6th Cir. 1993).

Fed.R.Civ.P. 12(d) provides that "[i]f on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Summary judgment under Rule 56 is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an essential element of the parties case on which that party bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. Adickes v. S.H. Kress and Co., 398 U.S. 144, 157 (1970). The non-moving party may not rest on its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P.

3

56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which a jury could reasonably find for the non-moving party. Hopson v. Daimler Chrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

  **C.**  **Factual Background**

On May 20, 2004, Plaintiff Jerry King ("King") executed a mortgage in favor of MILA, Inc., dba Mortgage Investment Lending Associates, Inc. The mortgage encumbered real property commonly known as 510 West Grixdale, in Detroit, Michigan ("Grixdale property"). (Exhibit A to Defendants' Motion). The mortgage (hereinafter "mortgage No. 1"), was eventually assigned to Co-Defendant U.S. Bank National Association, as trustee for Credit Suisse First Boston MBS HEAT 2004-5. Credit Suisse is also a Co-Defendant in this action. Defendant America's Servicing Company serviced the mortgage loan prior to and during foreclosure proceedings.

On November 21, 2005, Jerry King executed a mortgage in favor of Mortgage Electronic Registration System's, Inc. That mortgage (hereinafter "Mortgage No. 2"), encumbered real property commonly known as 858 Edison Street, in Detroit, Michigan ("Edison real estate"). Mortgage No. 2 was subsequently assigned to Co-Defendant HSBC Bank USA N.A., as trustee for the registered holders of Nomura Home Equity Loan, Inc., asset-backed certificates, series 2006-HE2. Nomura Home Equity is also a Defendant in this action. Defendant OCWEN serviced the mortgage loan on the Edison real estate prior to and during foreclosure proceedings.

The moving Defendant, Trott and Trott, P.C. ("Trott") is a lawfirm which rendered services in connection with the foreclosure of both mortgages.

The mortgage holders determined that King defaulted on mortgage No. 1 (Grixdale property) in January of 2006, and on mortgage No. 2 (Edison property) in April of 2006. Mortgage No. 1 was referred to Trott in April of 2006, for the commencement of non-judicial foreclosure proceedings pursuant to Michigan law. A foreclosure sale was scheduled for May 17, 2006 at 1:00 p.m. On the morning of that day, Trott received a document entitled "Acknowledgment - Power of Attorney," (Movants' Exhibit C).[2] Trott adjourned the foreclosure sale to June 7, 2006, at 1:00 p.m.

On May 23, 2006, Yvonne Cross "on behalf of Jerry King" sent a letter to Trott regarding "Debt Dispute." (Movants' Exhibit D). The letter makes reference to certain payments and asserts that "[h]is payments were current . . .." The letter makes no reference to a specific account or mortgage. In response to the letter, Ebony Gerwin, an attorney in the Trott firm, responded directly to King in a letter of June 5, 2006. Movants' Exhibit E consists of Gerwin's Affidavit to that effect, and a copy of her letter to King containing a mortgage loan history for mortgage No. 1 (Grixdale property).

On June 7, 2006, the scheduled foreclosure sale date for the Grixdale real estate, King filed a Chapter 13 Bankruptcy Petition in the U.S. Bankruptcy Court for the Eastern District of Michigan, in Case No. 06-47218. (Movants' Exhibit F). Trott cancelled the foreclosure sale. King, however, failed to file required documents or attend the Section 341

---

[2] Trott's Motion asserts that it also received a document entitled "Affidavit Declaration of Land Patent," which it purportedly attached as part of Exhibit C. No such document, however, was appended to the Motion submitted to the Court.

meeting of creditors, and his bankruptcy case was dismissed on July 25, 2006. (Movants' Exhibit G).

In August of 2006, Trott received separate referrals to pursue foreclosure on both mortgage No. 1 and No. 2. Foreclosure sales were scheduled for September 7, 2006 and September 13, 2006, respectively. On September 7, 2006, King filed a second Bankruptcy Petition, a Chapter 7 proceeding in Case No. 06-52424. (Movants' Exhibit H). Co-Defendants HSBC and U.S. Bank National Association each filed a Motion for Relief from the Automatic Stay. The court granted the Motions on October 26, 2006 and November 3, 2006, respectively. (Movants' Exhibit I). King again failed to appear at the Section 341 meeting of creditors, and the Bankruptcy Court dismissed his petition on November 3, 2006. Id.

Trott immediately recommenced foreclosures by advertising on both properties. The sales were scheduled for January 3, 2007, at 1:00 p.m. At 1:32 p.m. on that date, King filed a third bankruptcy petition, seeking relief under Chapter 7 in Case No. 07-40141. (Movants' Exhibit J). As before, however, King failed to file any of the required documents, and the court dismissed his case on January 23, 2007. (Movants' Exhibit K).

**D.    Analysis**

    **1.    Count I**

Count I of Plaintiffs' Amended Complaint seeks money damages "for the defendant's (sic) violating a stay under Title 11 §362 (sic)." King and Cross maintain that Defendants violated the automatic stay provisions of Title 11 U.S.C. §362 in conducting the January 3, 2007 foreclosure sales relating to the Grixdale and Edison real estate. For the reasons

6

stated below, I conclude that Trott's Motion for Judgment on the Pleadings/Motion for Summary Judgment should be granted as to Count I in its entirety.

### a. Claim of Plaintiff Yvonne Cross

As stated in my Reports of November 20, 2007 and March 27, 2008, the Amended Complaint states no cause of action by Plaintiff Cross based on a violation of the Federal Bankruptcy Act. Nothing in the Amended Complaint or the exhibits submitted by Plaintiffs alleges or demonstrates that Cross held any interest in the Grixdale or Edison real estate, or that she was obligated in any manner on the underlying mortgage debts, or that she filed a petition in bankruptcy. On the contrary, Plaintiffs' exhibits demonstrate that Jerry Dwayne King, Jr. alone filed a petition requesting relief under Chapter 7 of the Bankruptcy Code on January 3, 2007. (Plaintiffs' Exhibits B and C). As Plaintiff Cross has demonstrated no basis whatever for relief under the Bankruptcy Act, her claim under Count I of the Amended Complaint must fail.

### b. Claim of Jerry Dwayne King Jr.

The Amended Complaint adequately alleges that Jerry Dwayne King Jr. filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Act on January 3, 2007. King alleges that he provided notice of his bankruptcy petition to the attorney conducting the foreclosure sales which were scheduled for that date. He seeks damages for Trott's alleged breach of the automatic stay provisions of 11 U.S.C. §362.

As stated in my Reports of November 20, 2007 and March 27, 2008, Defendants rely upon Title 11 U.S.C. §362(c)(4)(A)(i), which was added to the Code in the 2005 Amendments to the Bankruptcy Act. That section provides that, if a bankruptcy petitioner

had two or more bankruptcy cases pending but dismissed within the previous year, the automatic stay provision of §362 does not go into effect upon the filing of a subsequent petition. Under such circumstances, a non-judicial foreclosure sale, even with notice of the third bankruptcy petition, will not violate the bankrupt's rights under the Code. <u>Dixon v. Federal National Mortgage Association</u>, 2006 WL 3371500 (S.D. Tx).

In support of its Motion, Trott has attached copies of additional records of the United States Bankruptcy Court for the Eastern District of Michigan. Those documents are public records of which this court may take judicial notice. King filed Bankruptcy Case No. 06-47218 on June 7, 2006, and his Petition was dismissed by the court on July 25, 2006. (Movants' Exhibit G). King then filed Bankruptcy Case No. 06-52424 on September 7, 2006, only to have it dismissed by the court on November 17, 2006. (Movants' Exhibits H and I). Plaintiffs have filed no response to Trott's Motion for Judgment on the Pleadings/Motion for Summary Judgment. Nor have they provided the court with any evidence upon which to find that King's January 3, 2007 Petition in bankruptcy action 07-40141 gave rise to an automatic stay despite his two prior dismissed petitions during the previous year. Absent such a showing, I am persuaded that King's Count I claim fails as a matter of law.

    **2.**    **Count II**

Count II of the Amended Complaint is premised upon the Fair Debt Collection Practices Act, (hereinafter "FDCPA" or "the Act"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. 15 U.S.C. §1692 <u>et</u> <u>seq</u>. The Amended Complaint alleges that "Plaintiff's (sic) sent the Co-Defendant's (sic) and Trott and Trott a letter requesting them to validate the debt . . ." (Presumably the debt(s)

8

underlying mortgages No. 1 and No. 2). Plaintiffs make reference to their Exhibit E, which includes an "Affidavit of Statement in Response to Foreclosure Notice" and "Notice and Demand" to cease collection activities, issued by Cross to Trott and the Co-Defendants who held interests in mortgage No. 2 (Edison real estate). The same Exhibit includes similar documents by Jerry Dwayne King Jr. - El to Trott and the Co-Defendants holding interests in mortgage No. 1 (Grixdale real estate). Plaintiffs allege that, despite their communications, Trott and the various interested Co-Defendants proceeded with their debt collection actions on January 3, 2007 in violation of the FDCPA, and that Plaintiffs are entitled to damages under the Act.

### a. Claim of Plaintiff Yvonne Cross

As stated in my Reports of November 20, 2007 and March 27, 2008, I find that Count II of the Amended Complaint, like Count I, fails to state an individual claim as to Plaintiff Cross. There is nothing in the Amended Complaint, or in Plaintiff's Exhibits, which establishes any relationship whatsoever between Cross and the mortgage debts which Trott was attempting to collect. There is no allegation that Cross had an interest in either the Grixdale or the Edison real estate. It is clear that Cross was not a party to either mortgage, and there is no allegation or evidence that she was in any way an obligator on the underlying debts. The stated purpose of the Fair Debt Collection Practices Act is "to protect consumers against debt collection abuses." 15 U.S.C. §1692e. The Act defines the term "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3). 15 U.S.C. §1692g(b) obligates a debt collector to cease collection activity upon notice from "the consumer" that the debt is disputed. As Cross is neither the debtor nor a person with a legal interest in the secured real estate, her

9

communication with Trott and its clients regarding the mortgages could give rise to no cause of action in her own right under the FDCPA based upon their failure to suspend collection activity. The Amended Complaint simply fails to allege that any Defendant directed debt collection activity at Cross. She has no standing to assert an FDCPA violation based on collection efforts aimed at someone else. See <u>Dewey v. Associated Collectors, Inc.</u>, 927 F.Supp. 1172, 1174 (W.D. WI 1996); <u>Burdett v. Harra's Kansas Casino Corp.</u>, 294 F.Supp. 2nd 1215, recon. denied, 311 F.Supp. 2nd 1166 (D. Kan. 2003).

Courts have allowed derivative claims under the FDCPA asserted by persons with a legal status entitling them to stand in the shoes of the debtor ("consumer"). But the Amended Complaint and the exhibits to which it refers fail to demonstrate such a legal status. I fully agree with Trott that the "Acknowledgment-Power of Attorney" received on May 17, 2006 (Movants' Exhibit C) vests no authority in Cross to act on behalf of King with respect to his real estate. Under Michigan Law, no power concerning lands, or in any manner relating thereto, may be created or granted except by a writing subscribed by the party creating or granting it, "or by some person thereunto by him lawfully authorized by writing." M.C.L.A. 566.106. The purported power of attorney in this case was not signed by King, but by Cross. There is no allegation or evidence that Cross was "authorized by writing" to sign a document granting power over King's real estate to herself. The prevention of such self-authorization is the very purpose of a Statute of Frauds. Cross did not expressly assert her claim as attorney in fact for King. Furthermore, as Plaintiff King is a party to this action, a derivative claim is totally unnecessary. The Federal Rules of Civil Procedure require that an action be prosecuted in the name of the real party

in interest. Fed.R.Civ.P. 17(a). Accordingly, Cross' individual claim under Count II of the Amended Complaint should be dismissed.

### b.   Claim of Plaintiff Jerry Dwayne King Jr.

Trott also seek dismissal/summary judgment as to the Count II Fair Debt Collection Practices Act claims of Plaintiff King. For purposes of this Motion only, Trott concedes that it was a "debt collector" as defined by the FDCPA. Defendant asserts, however, that King has failed to establish a violation of the Act. Specifically, Trott maintains that King, as the "consumer," failed to "allege that he personally requested validation of the debt(s)." (Trott Brief, Page 7). 15 U.S.C. §1692g provides, in pertinent part, as follows:

> (b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Trott argues that King did not personally request validation of the debts underlying the Edison and Grixdale mortgages. Trott notes the references in the Amended Complaint to a "letter" attached as Exhibit E.[3] In support of its motion, Trott attaches copies of the "Affidavit of Statement" and "Notice and Demand" issued by Cross with reference to mortgage No. 2. (Edison real estate). (Movants' Exhibit M). Trott maintains that Cross' communications "simply do not constitute a request by a 'consumer debtor' for verification

---

[3] Trott also assumes that, while no exhibits were attached to the Amended Complaint, Plaintiffs' references therein to Exhibits A through E pertain to the Exhibits A through E attached to the original Complaint.

11

of a debt, as a matter of law." (Trott Brief, Page 8).[4] For the reasons stated in Paragraph D 2 a, above, I agree that Cross lacked legal authority to act on King's behalf for purposes of the FDCPA. In the absence of evidence that King issued any form of demand for verification of the debt underlying mortgage No. 2 (Edison real estate), I conclude that his Count II claim as to that debt must be dismissed.[5]

I reach a different conclusion with respect to mortgage No. 1 (Grixdale real estate). Trott's motion asserts that "[t]here is no other evidence or any allegation that Jerry King ever called Trott and Trott or sent a written request for verification to Trott and Trott." (Movants' Brief, Page 8). I disagree. Trott fails to address other documents which were included in Plaintiffs' Exhibit E. Those include two documents issued to Trott by Jerry Dwayne King Jr. - El. One of those is an "Affidavit of Statement in Response to Foreclosure Notice" containing explicit reference to the Grixdale real estate. The second is a "Notice and Demand" that Trott cease and desist collection activities prior to validation of the purported debt. That document expressly refers to the mortgage on the Grixdale real estate.[6]

---

[4] Despite their position that Cross lacked authority to demand verification, Trott did, in fact, send a payment history on mortgage No. 2 (Edison real estate) directly to King. See Affidavit of Ebony Gerwin, Movants' Exhibit E.

[5] Recent developments in this case reinforce my view. In an Affidavit in support of Plaintiffs' Motion for Summary Judgment (Docket No. 39), King disclosed that he attended the January 3, 2007 foreclosure sale, and that the Edison real estate was not sold. In its January 24, 2007 Supplement to the instant Motion, Trott refers to King's assertion, and admits that he sale of the Edison real estate was not completed. If the parties agree that no sale of the Edison real estate occurred, the FDCPA claim has no factual basis as to mortgage No. 2.

[6] The signatures on the copies of the King Affidavit and Notice in the court record are illegible. Each bears a notary jurat executed by Yvonne Cross. In the

Trott has failed to address the significance of the Affidavit and Notice allegedly directed to them by King with specific reference to mortgage No. 1. While the Amended Complaint is poorly drafted, I am not prepared at this juncture to conclude that King's allegations under Count II of the Amended Complaint (liberally construed) fail to state a claim with regard to mortgage No. 1, or that there is no genuine issue of material fact and that Trott is entitled to Judgment as a matter of law. Rather, I conclude that Movant must address the legal significance of King's alleged communications. Accordingly, I recommend that Defendants' Motion be denied as to King's Count II Fair Debt Collection Practices Act relating to mortgage No. 1 (Grixdale real estate).

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th

---

absence of evidence to the contrary, I proceed on the assumption that Plaintiff King is the signer of each instrument. He is expressly identified as the declarant of the Affidavit, and his name and (Grixdale) address appear at the top of the Notice.

13

Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: March 28, 2008

---

### CERTIFICATE OF SERVICE

I hereby certify on March 28, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 28, 2008. **Jerry King, Yvonne Cross.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217