UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY KING JR. and YVONNE CROSS,

      Plaintiffs,

v.

OCWEN, et al.,

      Defendants.
_____/

CIVIL ACTION NO. 07-11359

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE DONALD A. SCHEER

# REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:

I recommend that Plaintiffs' Motion for Summary Disposition, Request for Damages and Sanctions be denied.

**II.**    **REPORT**:

    **A.**    **Procedural History**

Plaintiffs' original Complaint was filed on March 28, 2007. They filed an Amended Complaint on March 30, 2007. Answers to the Amended Complaint were filed by Defendants Trott and Trott, P.C. ("Trott") on May 4, 2007; U.S. Bank National Association ("U.S. Bank") on July 2, 2007; Credit Suisse on August 1, 2007 and American Servicing Center ("ASC") on August 1, 2007. Defendants HSBC Bank USA NA ("HSBC"), OCWEN Loan Servicing, LLC, ("OCWEN") and Mortgage Electronic Registration System, Inc. ("MERS") filed a joint Motion to Dismiss on May 25, 2007. In a Report of November 20, 2007, I recommended that the Motion be granted. The court adopted the Report and Recommendation in a written Order on January 8, 2008.

Defendants U.S. Bank, Credit Suisse and America's Servicing Company filed a Motion for Summary Judgment on December 11, 2007. Plaintiffs filed no response to that Motion. In a Report of March 27, 2008, I recommended that the Motion be granted with respect to Count I of the Amended Complaint, and the claims of Plaintiff Cross in Count II. I recommend that the Motion be denied as to the claims of Plaintiff King in Count II.

On December 11, 2007, Defendant Trott and Trott ("Trott") filed its Motion for Summary Judgment. Plaintiffs filed no response to that motion. In a Report of March 28, 2008, I recommended that the Motion be granted with respect to Count I of the Complaint, and as to the claim of Plaintiff Cross in Count II. I further recommend that the motion be granted as to Plaintiff King's Count II claim regarding Mortgage No. 2 (the Edison real estate), but denied as to the Count II claim of Plaintiff King regarding Mortgage No. 1 (the Grixdale real estate).

On January 2, 2008, Plaintiffs filed their Motion for Summary Disposition, Request for Damages and Sanctions. Defendants U.S. Bank, ASC and Credit Suisse filed their Response in Opposition to Plaintiffs' Motion on January 24, 2008. Defendant Trott filed its Response in Opposition to Plaintiffs' Motion on the same date. On February 28, 2008, Plaintiffs filed a Supplement to their Motion.

**B.** **Applicable Law and Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is appropriate if the moving party demonstrates

that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial.  Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986); Martin v. Ohio Turnpike Comm'n, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party.  60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).  The court is not required or permitted, however, to judge the evidence or make findings of fact.  Id. at 1435-36.  The moving party has the burden of showing conclusively that no genuine issue of material fact exists.  Id. At 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties.  Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate.  Id.; Feliciano v. City of Cleveland, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial.  Anderson, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue.  Matsushita Elec. Indus. Co., Ltd. v. Zenith

Radio Corp., 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted); see Celotex, 477 U.S. at 322-23; Matsushita, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. Lucas v. Leaseway Multi Transp. Serv., Inc., 738 F.Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), aff'd 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find the plaintiff." Anderson, 477 U.S. at 252; see Cox v. Ky. Dep't of Transp., 53 F.3d 146, 150 (6th Cir. 1995).

### C. Factual Background

On May 20, 2004, Plaintiff Jerry King ("King") executed a mortgage in favor of MILA, Inc., dba Mortgage Investment Lending Associates, Inc. The mortgage encumbered real property commonly known as 510 West Grixdale, in Detroit, Michigan ("Grixdale property"). (Exhibit A to Defendants' Motion). The mortgage (hereinafter "Mortgage No. 1"), was eventually assigned to Co-Defendant U.S. Bank National Association, as trustee for Credit Suisse First Boston MBS HEAT 2004-5. Credit Suisse is also a Co-Defendant in this action. Defendant America's Servicing Company serviced the mortgage loan prior to and during foreclosure proceedings.

On November 21, 2005, Jerry King executed a mortgage in favor of Mortgage Electronic Registration System's, Inc. That mortgage (hereinafter "Mortgage No. 2"), encumbered real property commonly known as 858 Edison Street, in Detroit, Michigan ("Edison real estate"). Mortgage No. 2 was subsequently assigned to Co-Defendant HSBC Bank USA N.A., as trustee for the registered holders of Nomura Home Equity Loan, Inc., asset-backed certificates, series 2006-HE2. Nomura Home Equity is also a Defendant in this action. Defendant OCWEN serviced the mortgage loan on the Edison real estate prior to and during foreclosure proceedings.

The mortgage holders determined that King defaulted on Mortgage No. 1 (Grixdale property) in January of 2006, and on Mortgage No. 2 (Edison property) in April of 2006. Defendant, Trott and Trott, P.C. ("Trott") is a lawfirm which rendered services in connection with the non-judicial foreclosure of both mortgages pursuant to Michigan law. Mortgage No. 1 was referred to Trott in April of 2006. A foreclosure sale was scheduled for May 17, 2006 at 1:00 p.m. On the morning of that day, Trott received a document entitled "Acknowledgment - Power of Attorney,".[1] Trott adjourned the foreclosure sale to June 7, 2006, at 1:00 p.m.

On May 23, 2006, Yvonne Cross "on behalf of Jerry King" sent a letter to Trott regarding "Debt Dispute." (Complaint, Exhibit E). The letter makes reference to certain payments and asserts that "[h]is payments were current . . .." The letter makes no

---

[1] See Exhibit C to Trott's Motion for Summary Judgment/Judgment on the Pleadings (Docket No. 36). Trott's Motion asserts that it also received a document entitled "Affidavit Declaration of Land Patent," which it purportedly attached as part of Exhibit C. No such document, however, was appended to the Motion submitted to the Court.

reference to a specific account or mortgage. In response to the letter, Ebony Gerwin, an attorney in the Trott firm, wrote directly to King on June 5, 2006. Exhibit E to U.S. Bank, ASC and Credit Suisse's Motion for Judgment on the Pleadings/Summary Judgment (Docket No. 38) consists of Gerwin's Affidavit to that effect, and a copy of her letter to King containing a mortgage loan history for Mortgage No. 1 (Grixdale property).

On June 7, 2006, the date scheduled for the foreclosure sale of the Grixdale real estate, King filed a Chapter 13 Bankruptcy Petition in the U.S. Bankruptcy Court for the Eastern District of Michigan, in Case No. 06-47218. (Docket No. 36, Exhibits F and G). Trott cancelled the foreclosure sale. King, however, failed to file required documents or attend the Section 341 meeting of creditors, and his bankruptcy case was dismissed on July 25, 2006. (Id., Exhibit G).

In August of 2006, Trott received separate referrals to pursue foreclosure on both Mortgage No. 1 and No. 2. Foreclosure sales were scheduled for September 7, 2006 and September 13, 2006, respectively. On September 7, 2006, King filed a second Bankruptcy Petition, a Chapter 7 proceeding in Case No. 06-52424. (Docket No. 36, Exhibits H and I). Co-Defendants HSBC and U.S. Bank National Association each filed a Motion for Relief from the Automatic Stay. The court granted the Motions on October 26, 2006 and November 3, 2006, respectively. (Id., Exhibit I). King again failed to appear at the Section 341 meeting of creditors, and the Bankruptcy Court dismissed his petition on November 3, 2006. Id.

Trott immediately recommenced foreclosures by advertising on both properties. The sales were scheduled for January 3, 2007, at 1:00 p.m. At 1:32 p.m. on that date, King filed a third bankruptcy petition, seeking relief under Chapter 7 in Case No. 07-40141.

Docket No. 36, Exhibits J and K). As before, however, King failed to file any of the required documents, and the court dismissed his case on January 23, 2007. (Id., Exhibit K).

In an Affidavit of January 2, 2007,[2] Plaintiff King avers that he attended the Sheriff's sale on January 3, 2007, and that neither the Grixdale real estate nor the Edison real estate were sold. (Plaintiffs' Motion for Summary Disposition, Exhibit 4).

D. **Analysis**

I recommend that Plaintiffs' Motion for Summary Disposition, Request for Damages and Sanctions be denied in its entirety, as Plaintiffs have failed to demonstrate that there is no disputed issue of material fact such that they are entitled to Judgment as a matter of law. In my Report and Recommendation of November 20, 2007, I recommended that Defendants HSBC Bank USA N.A., OCWEN Loan Services, LLC and Mortgage Electronic Registration System, Inc.'s Motion to Dismiss be granted. That recommendation was adopted by the court in a written Order on January 8, 2008. Accordingly, the instant motion should be denied as to those Defendants.

In my Report and Recommendation of March 27, 2008, I recommended that Defendants U.S. Bank National Association, America's Servicing Company and Credit Suisse's Motion for Summary Judgment be granted as to the Count I of the Amended Complaint and as to the claims of Plaintiff Yvonne Cross in Count II. I recommended that the Defendants' Motion be denied as to the Count II claim of Plaintiff Jerry King against the moving Defendants.

---

[2] This date is in doubt, since the affidavit addresses events which occurred subsequent to it.

In my Report and Recommendation of March 28, 2008, I recommended that Defendant Trott and Trott, P.C.'s Motion for Summary Judgment and Motion for Judgment on the Pleadings be granted as to Count I of the Amended Complaint and as to the claims of Plaintiff Cross in Count II. I further recommended that Trott be granted summary judgment as to Plaintiff King's Count II claim regarding Mortgage No. 2 (the Edison real estate), but that Trott's motion be denied as to King's Count II claim regarding Mortgage No. 1 (the Grixdale real estate).

Because I have twice recommended that judgment be rendered for the Defendants on Count I, the claims of Plaintiff Cross in Count II and Plaintiff King's Count II claim regarding Mortgage No. 2, and because I rely upon the same facts and propositions of law set out in detail in my earlier reports, I will merely incorporate those documents by reference, in lieu of repeating the analysis once again. I will confine my analysis in this Report to the single claim of Defendant King in Count II which I have not previously recommended for dismissal.

I find that Plaintiff King is not entitled to summary judgment on his Count II claim regarding Mortgage No. 1 (the Grixdale real estate) because he has failed to demonstrate that no contested issue of material fact remains for trial, or that he is entitled to Judgment as a matter of law. Paragraph 12 of the Amended Complaint states that Plaintiffs sent Trott "a letter" requesting them "to validate the debt," and that the "letter" was recorded with the Wayne County Register of Deeds. Reference is made to Plaintiffs' Exhibit E, which was attached to the original Complaint, but not to the Amended Complaint. Plaintiffs' *pro se* pleading is poorly drafted and consistently makes reference to a single debt, despite the fact that two mortgages are contested. Trott's Motion for Summary Judgment was based

upon the inadequacy of communications authored by Plaintiff Cross on behalf of King.  As stated in my earlier Report, I agree with Trott's analysis regarding the Cross communications.  Those documents related expressly, and exclusively, to Mortgage No. 2 (Edison real estate).  As stated in my March 28, 2008 Report, however, Plaintiffs' Exhibit E also contained copies of purported communications to Trott authored by "Jerry Dwayne: King, Jr. - El" which include a notice and demand for debt validation with respect to Mortgage No. 1 (the Grixdale real estate).  Trott's Motion for Summary Judgment makes no reference to the King communications, which are recorded in the Wayne County Register of Deeds' Office.  Plaintiff King filed no response to Trott's dispositive motion.  Nonetheless, I recommended that his claim survive that motion, at least until such time as the facts surrounding King's alleged personal communications with Trott (and its clients holding interests in the Grixdale property) are clarified.

I am satisfied that genuine issues of material fact remains unresolved with respect to the delivery of the King communications.  Exhibit E to the Complaint contains a letter purporting to have issued from "Jerry Dwayne: King Jr. - El, who is the heir to JERRY KING, the DEBTOR."  Whether that letter could be construed as written notice from the "consumer," as required by 15 U.S.C. §1692g(b) is doubtful.  In any event, Trott has offered evidence that it provided King with information relating to the payment record on the Grixdale mortgage.  King, however, denies receiving such a letter.  King's Affidavit asserts that no foreclosure sale of the Grixdale real estate occurred on January 3, 2007.[3]  Exhibit

---

[3] Ironically, this fact, if established, may undermine King's assertion that Trott (and its clients with interests in Mortgage No. 1) "proceeded with their actions to collect a debt," an essential element of his Fair Debt Collection Practices Act claim.

9

6 to Plaintiffs' motion, however, is a copy of a Sheriff's Deed on Mortgage Sale reflecting that a sale did take place, and that U.S. Bank National was the successful bidder. The Sheriff's Deed is duly recorded in the Wayne County Register of Deeds Office. (Plaintiff's Exhibit 6). In view of these disputed fact issues, I conclude that Plaintiff King has failed to demonstrate the absence of any contested issue of material fact relating to Mortgage No. 1 or that he is entitled to judgment as a matter of law.

For all of the above reasons, I recommend that Plaintiffs' Motion for Summary Disposition, Request for Damages and Sanctions be denied.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The

response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                     s/Donald A. Scheer
                                                     DONALD A. SCHEER
                                                     UNITED STATES MAGISTRATE JUDGE

DATED: April 14, 2008

_____

## CERTIFICATE OF SERVICE

      I hereby certify on April 14, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 14, 2008. **Jerry King, Yvonne Cross.**

                                                   s/Michael E. Lang
                                                 Deputy Clerk to
                                                 Magistrate Judge Donald A. Scheer
                                                 (313) 234-5217