UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY KING JR. and YVONNE CROSS,

    Plaintiffs,

v.

OCWEN, et al.,

    Defendants.
_____/

CIVIL ACTION NO. 07-11359

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:

I recommend that Trott and Trott, P.C.'s Renewed Motion for Judgment of the Pleadings Pursuant to FRCP 12(c) be granted. I further recommend that Plaintiffs' "Counterclaim for Summary Judgment . . . and Dismissal . . ." be denied, and that the Amended Complaint be dismissed in its entirety as to Defendant Trott and Trott, P.C.

**II.**    **REPORT**:

    **A.**    **Procedural History**

Plaintiffs' filed their initial pro se Complaint on March 28, 2007. On March 30, 2007, they filed an Amended Complaint.[1] Defendant Trott and Trott, P.C. filed an Answer to the original Complaint on May 3, 2007 and to the Amended Complaint on May 4, 2007.

On December 11, 2007, Trott and Trott filed a Motion for Summary Judgment and/or Motion for Judgment on the Pleadings. Plaintiffs filed no response. On March 28, 2008,

---

[1] No exhibits were attached to the Amended Complaint. Based upon references in the Amended Complaint to Exhibits A through E, I assumed that Plaintiffs' referred to the Exhibits attached to their original Complaint.

I submitted a Report and Recommendation that Defendant's Motion be granted as to Count I of the Amended Complaint, and the claim of Plaintiff Yvonne Cross in Count II. The Report and Recommendation was accepted by the Court on May 14, 2008.

On August 4, 2008, Trott and Trott, P.C.'s Renewed Motion for Judgment on the Pleadings was filed. The motion addresses the claim of Plaintiff Jerry King, Jr. in Count II, which is the sole remaining claim against Trott and Trott, P.C. On August 18, 2008, Plaintiffs filed their Ex Parte Motion for an Extension of Time to Respond. The motion was signed by Yvonne Cross, who has no interest in the surviving claim and is not an attorney. On January 22, 2009, Plaintiffs filed an Answer to Renewed Motion for Summary Judgment by Defendant, with Plaintiffs' Counterclaim for Summary Judgment Pursuant to FRCP 56 and Dismissal to (sic) FRCP12(b). While the Plaintiffs' submission is signed by Jerry Dwayne: King Jr. El (sic), it is virtually incomprehensible, and not responsive to Defendant Trott and Trott, P.C.'s motion.

### B.  Applicable Law and Standard of Review

Fed.R.Civ.P. 12(c) provides in pertinent part, that "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511-12 (6th Cir. 2001). "All well pleaded material allegations of the non-moving party's pleadings are taken as true and allegations of the moving party that have been denied are taken as false." Southern Ohio Bank v. Merryl Lynch Pierce Finner and Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). The motion should be granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. United States v. Moriarty, 8 F.3d 329, 332 (6th Cir. 1993).

Fed.R.Civ.P. 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief may be granted. A complaint need not contain detailed factual allegations. Nonetheless, a Plaintiff's obligation to provide the "grounds" of his entitlement to relief, as required by Fed.R.Civ.P. 8(a)(2), requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Rather, the factual allegations must be enough to raise a right to relief beyond the speculative level, on the assumption that the allegations are true. Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). The pleadings must contain something more than a statement of facts which creates a mere suspicion of a legally cognizable right of action. The court should proceed on the assumption that all the allegations of the complaint are true. A well pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely," and Rule 12(b)(6) does not continence dismissal based on a judge's disbelief of the plaintiff's factual allegations. Id.

**C.     Factual Background**

On May 20, 2004, Plaintiff Jerry King ("King") executed a mortgage in favor of MILA, Inc., dba Mortgage Investment Lending Associates, Inc. The mortgage encumbered real property commonly known as 510 West Grixdale, in Detroit, Michigan. The mortgage was eventually assigned to Co-Defendant U.S. Bank National Association, as trustee for Credit Suisse First Boston MBS HEAT 2004-5. Credit Suisse is also a Co-Defendant in this action. Defendant America's Servicing Company, also a named Defendant, serviced the mortgage loan prior to and during foreclosure proceedings. The moving Defendant, Trott and Trott, P.C. ("Trott") is a lawfirm which rendered services in connection with the foreclosure of the mortgage.

3

The mortgage holders determined that King had defaulted on the mortgage in January 2006. The matter was referred to Trott in April of 2006, for the commencement of non-judicial foreclosure proceedings pursuant to Michigan law. A foreclosure sale was scheduled for May 17, 2006 at 1:00 p.m. On the morning of that day, Trott received a document entitled "Acknowledgment - Power of Attorney," purportedly executed by King, but signed by Yvonne Cross. Upon receipt of the document, Trott adjourned the foreclosure sale to June 7, 2006. On that date, King filed a petition in bankruptcy, and the foreclosure sale was cancelled.

King failed to file any of the required documents to support his bankruptcy petition, and failed as well to attend the meeting of creditors. Accordingly, his bankruptcy case was dismissed on July 25, 2006. The following month, Trott received a referral to resume foreclosure, and a sale was scheduled for September 7, 2006. On that date, King filed a second bankruptcy proceeding, and the sale was again cancelled. The court, however, granted U.S. Bank National Association's Motion for Relief from the Automatic Stay. Subsequently, King's second bankruptcy case was dismissed on his failure, once again, to appear at the meeting of creditors.

Trott immediately recommenced foreclosures by advertisement, and a Sheriff's Sale was scheduled for January 3, 2007. On that date, King filed a third bankruptcy petition. Trott, however, proceeded with the sale on the theory that the automatic stay provisions of 11 U.S.C. §362 were not triggered, as King had filed three bankruptcy petitions within a twelve month period. King subsequently failed to file any of the required documents to support his third bankruptcy case, and it was dismissed in January 2007.

4

### D. <u>Analysis</u>

The purpose of the Fair Debt Collection Practice's Act is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Trott's original Motion for Summary Judgment/Motion for Judgment on the Pleadings (Docket Entry 36) assumed that it qualified as a "debt collector" under the FDCPA. That motion sought dismissal of King's claim in Count II on the theory that Plaintiff had failed to allege that he personally requested validation of the debt. Trott argued that a notarized "affidavit of statement" and a written "notice and demand" (attached as Exhibit E to the original Complaint), failed as a matter of law to constitute a request by a "consumer debtor" for verification of a debt. The court disagreed. As no other argument was offered, the motion as to King's Count II claim was denied.

The instant motion is based upon an entirely different theory. Trott now argues that King's FDCPA claim against it must fail because it is not a "debt collector" as defined in the Act, for the purposes of King's Count II claim. On the facts of this case, I agree.

15 U.S.C. §1692g requires a debt collector to cease collection of a disputed debt until the debt collector obtains verification of the debt, or a copy of the judgment, or the name and address of the original creditor, and mails a copy of such verification to the consumer. King's sole claim against Trott in Count II of the Amended Complaint is based upon Defendant's failure to cease its foreclosure activities after receiving notice from King that he contested the underlying debt. Plaintiff King has asserted no allegation that Trott's

5

activities extended beyond the foreclosure of the mortgage on the Grixdale property. On the contrary, the "letter" described in rhetorical paragraph 11 of the Amended Complaint was a notice of mortgage foreclosure sale issued by Trott (Exhibit A to Complaint). Similarly, the "letter" or "letters" alleged in paragraphs 12 and 13 of the Amended Complaint to have been sent to Trott by King are clearly responses to the foreclosure notice (Exhibit E to Plaintiffs' Complaint). Finally, the document to which Plaintiff refers in paragraph 13 of the Amended Complaint as evidence of Defendant's continuation of debt collection activity is a written explanation of King's right of redemption following the January 3, 2007 foreclosure sale of the Grixdale real estate (Exhibit D to Plaintiffs' Complaint).

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. **For the purposes of Section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.**
>
> \*          \*          \*

15 U.S.C. §1692a(6) (emphasis added). Trott argues that Congress would not have expressly included businesses whose principal purpose is the enforcement of security interests as "debt collectors" for purposes of a single subsection of the act unless it intended that no other provisions of the act should pertain to such entities. I find that argument persuasive. "Such a purposeful inclusion for one section of the FDCPA implies

6

that the term 'debt collector' does not include an enforcer of a security interest for any other section of the FDCPA." James v. Ford Motor Credit Co., 47 F.3d 961, 962 (8th Cir. 1995) (citations omitted). Our circuit has adopted similar reasoning.

> As a repossession agency, Silver Shadow, likewise does not fall within the definition of a "debt collector." Montgomery suggests that we give meaning to the term debt collector as it applies to Silver Shadow by looking at Michigan statutory law. State law, however, cannot be our reference point. Rather, to give proper meaning to a federal statute we must be guided by the plain meaning of the statute, cannons of statutory construction, relevant legislative history, and other indicia that shed light on the statute's meaning, such as judicial precedent and administrative agency interpretations, which for purposes of the FDCPA are interpretations given by the Federal Trade Commission ("FTC"). See Jordan v. Kent Recovery Serv., Inc., 731 F.Supp. 652, 656 (D. Del. 1990). In Jordan, the court undertook a comprehensive analysis to determine whether those who enforce security interests, such as repossession agencies, fall outside the ambit of the FDCPA. It held that an enforcer of a security interest, such as a repossession agency, falls outside the ambit of the FDCPA for all purposes except for the purposes of Section 1692f(6). Id. at 659; see also Seibel v. Society Lease, Inc., 969 F.Supp. 713, 716-17 (M.D. Fla. 1997) (concluding that accept for purposes of Section 1692f(6), a defendant in the business of repossessing vehicles does not fall within the FDCPA's definition of debt collector). We agree.

Dwayne Montgomery v. Huntington Bank, et al., 346 F.3d 693, 669-700 (6th Cir. 2003). Based on the foregoing authority, I am satisfied that, under the facts of this case, Trott and Trott, P.C. was a "debt collector" solely within the meaning of 15 U.S.C. §1692f(6).

15 U.S.C. §1692f(6) prohibits "debt collectors" subject to its terms from pursuing certain unfair practices. The section provides, in pertinent part, as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section;

\*          \*          \*

7

> (6) taking or threatening to take any non-judicial action to effect disposition or disablement of property if -
>
>> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>>
>> (B) there is no present intention to take possession of the property; or
>>
>> (c) the property is exempt by law from such dispossession or disablement.
>
> \*     \*     \*

15 U.S.C. §1692f(6). There is no allegation in the Amended Complaint in this action that Trott engaged in any conduct violative of the specific prohibitions stated. Rather, King's sole claim is that Trott and Trott violated the validation provisions of Section 1692g. For purposes of that section of the Act, however, Defendant Trott is not a "debt collector." Accordingly, the factual allegations of King's Amended Complaint, even if accepted as true, fail to state a legally cognizable right of action against Trott and Trott.[2]

On January 22, 2009, Plaintiffs filed a document entitled "Jerry King and Yvonne Cross, Answer to Renewed Motion for Summary Judgment by Defendant, with Plaintiffs (sic) Counterclaim for Summary Judgment Pursuant to FRCP 56 and Dismissal to (sic) FRCP 12(b). (Docket Entry 67). That document appears to be identical in its content to Docket Entry 66, which is docketed as Plaintiffs' Response to a Renewed Motion for

---

[2] Defendant correctly notes this court's previous grant of Summary Judgment in favor of attorneys who pursue a client's foreclosure rights, finding that they were not "debt collectors" for purposes of the FDCPA. See Williams v. Trott, Case No. 92-74480.

8

Summary Judgment/Dismissal filed on December 30, 2008 by other Defendants. Plaintiffs' legal arguments, to the extent that they can be understood at all, do not respond to the argument raised by Defendant Trott in its motion. Plaintiffs appear to be raising issues of state law which are not implicated in their Amended Complaint. They further assert facts beyond the scope of the Amended Complaint and not germain to the instant motion. To the extent that Plaintiffs' submission is intended as a response to Defendant Trott's motion, I find it completely unpersuasive. To the extent that the submission is deemed a Motion for Summary Judgment/Dismissal, I find that it addresses no issue raised in Count II of the Amended Complaint, and I recommend that it be denied.

For all of the above reasons, I recommend that Defendant Trott and Trott, P.C.'s Renewed Motion for Judgment on the Pleadings Pursuant to FRCP 12(c) be granted; that Plaintiffs' Counterclaim for Summary Judgment Pursuant to FRCP 56 and Dismissal to (sic) FRCP 12(b) be denied; and that the Amended Complaint be dismissed as to Defendant Trott and Trott, P.C.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231,

9

829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                         s/Donald A. Scheer
                                         DONALD A. SCHEER
                                         UNITED STATES MAGISTRATE JUDGE

DATED: February 6, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on February 6, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 6, 2009: **Jerry King, Jr.**

                                         s/Michael E. Lang
                                         Deputy Clerk to
                                         Magistrate Judge Donald A. Scheer
                                         (313) 234-5217