UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY KING JR. and YVONNE CROSS,

    Plaintiffs,

v.

OCWEN, et al.,

    Defendants.

_____/

CIVIL ACTION NO. 07-11359

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**:

I recommend that Defendants' U.S. Bank National Association, America's Servicing Company and Credit Suisse's Renewed Motion for Summary Judgment Pursuant to FRCP 56 and Dismissal Pursuant to FRCP 12(c) be granted.  I further recommend that Plaintiffs' "Counterclaim for Summary Judgment . . . and Dismissal . . ." be denied, and that the Amended Complaint be dismissed in its entirety as to the moving Defendants.

**II.   REPORT**:

    **A.   Procedural History**

Plaintiffs' filed their initial pro se Complaint on March 28, 2007.  On March 30, 2007, they filed an Amended Complaint.[1]  Answers to the Amended Complaint were filed by U.S. Bank National Association ("U.S. Bank") on July 2, 2007, and by Credit Suisse and America's Servicing Company ("ASC") on August 1, 2007.  Movant's filed a Motion for

---

[1] No exhibits were attached to the Amended Complaint.  Based upon references in the Amended Complaint to Exhibits A through E, I assumed that Plaintiffs' referred to the Exhibits attached to their original Complaint.

Summary Judgment on December 11, 2007.  Plaintiffs did not respond.  On March 27, 2008, I submitted a Report and Recommendation that the Defendants' Motion be granted as to Count I of the Amended Complaint, and the claim of Plaintiff Yvonne Cross in Count II, but denied as to the claim of Plaintiff Jerry King Jr. in Count II (Docket Entry 47). The Report and Recommendation was accepted by the Court on May 14, 2008.

On December 30, 2008, the moving Defendants filed their Renewed Motion for Summary Judgment Pursuant to FRCP 56 and Dismissal Pursuant to FRCP 12(c) (Docket Entry 65).  On January 22, 2009, Plaintiffs filed their Answer to Renewed Motion for Summary Judgment by Defendant (sic), with Plaintiffs (sic) Counterclaim for Summary Judgment Pursuant to FRCP 56 and Dismissal to (sic) FRCP12(b).  While the Plaintiffs' submission is signed by Jerry Dwayne King Jr. El (sic), it is virtually incomprehensible, and not responsive to Defendants' motion.

### B.   Applicable Law and Standard of Review

Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c); Tysinger v. Police Department of City of Zanesville, 463 F.3d 569, 572 (6th Cir. 2006); Int'l Union v. Cummins, Inc., 434 F.3d 478, 483 (6th Cir. 2006).  When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. Matsushito Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Tysinger, 463 F.3d at 572; Ciminillo v. Streicher, 434 F.3d 451, 454 (6th Cir. 2006).  Direct evidence offered by the Plaintiff in response to a summary judgment motion must be accepted as

2

true. Muhammad v. Close, 379 F.3d 413, 416 (6th Cir. 2004). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Leadbetter v. Gilly, 385 F.3d 683, 689-90 (6th Cir. 2004); Weaver v. Shadoan, 340 F.3d 398, 405 (6th Cir. 2003). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes are irrelevant or unnecessary will not be counted. Liberty Lobby, 477 U.S. at 248; Hedrick v. W. Reserve Care Sys., 355 F.3d 444, 451-52 (6th Cir. 2004); Pharakhone v. Nissan N.Am., Inc., 324 F.3d 405, 407 (6th Cir. 2003).

Fed.R.Civ.P. 12(c) provides in pertinent part, that "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511-12 (6th Cir. 2001). "All well pleaded material allegations of the non-moving party's pleadings are taken as true and allegations of the moving party that have been denied are taken as false." Southern Ohio Bank v. Merryl Lynch Pierce Finner and Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). The motion should be granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. United States v. Moriarty, 8 F.3d 329, 332 (6th Cir. 1993).

Fed.R.Civ.P. 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief may be granted. A complaint need not contain detailed factual allegations. Nonetheless, a Plaintiff's obligation to provide the "grounds" of his entitlement

to relief, as required by Fed.R.Civ.P. 8(a)(2), requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Rather, the factual allegations must be enough to raise a right to relief beyond the speculative level, on the assumption that the allegations are true. Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). The pleadings must contain something more than a statement of facts which creates a mere suspicion of a legally cognizable right of action. The court should proceed on the assumption that all the allegations of the complaint are true. A well pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely," and Rule 12(b)(6) does not continence dismissal based on a judge's disbelief of the plaintiff's factual allegations. Id.

### C. Factual Background[2]

On May 20, 2004, Plaintiff Jerry King ("King") executed a mortgage in favor of MILA, Inc., dba Mortgage Investment Lending Associates, Inc. The mortgage encumbered real property commonly known as 510 West Grixdale, in Detroit, Michigan. Defendant America's Servicing Company was retained by MILA, Inc. to service the mortgage loan. The mortgage holders determined that King had defaulted on the mortgage in January 2006. The matter was referred to Trott and Trott, P.C. in April 2006, for the commencement of non-judicial foreclosure proceedings pursuant to Michigan law. The mortgage and note were assigned, on April 24, 2006, to Defendant U.S. Bank National Association, as trustee for Defendant Credit Suisse First Boston MBS HEAT 2004-5.

---

[2] I incorporate by reference the factual recitations in my previous R&Rs (Docket Nos. 34, 47, 48 and 50) as well as my Report and Recommendation regarding Defendant Trott and Trott, P.C. which is submitted on this date.

A foreclosure sale was scheduled for May 17, 2006 at 1:00 p.m. On the morning of that day, Trott and Trott, P.C. received a document entitled "Acknowledgment - Power of Attorney," purportedly executed by King, but signed by Yvonne Cross. Upon receipt of the document, the foreclosure sale was adjourned to June 7, 2006. On that date, King filed a petition in bankruptcy, and the foreclosure sale was cancelled.

King failed to file any of the required documents to support his bankruptcy petition, and failed as well to attend the meeting of creditors. Accordingly, his bankruptcy case was dismissed on July 25, 2006. The following month, Trott and Trott, P.C. received a referral to resume foreclosure, and a sale was scheduled for September 7, 2006. On that date, King filed a second bankruptcy proceeding, and the sale was again cancelled. The court, however, granted U.S. Bank National Association's Motion for Relief from the Automatic Stay. Subsequently, King's second bankruptcy case was dismissed on his failure, once again, to appear at the meeting of creditors.

Trott and Trott, P.C. immediately recommenced foreclosures by advertisement, and a Sheriff's Sale was scheduled for January 3, 2007. On that date, King filed a third bankruptcy petition. Trott and Trott, however, proceeded with the sale on the theory that the automatic stay provisions of 11 U.S.C. §362 were not triggered, since King had filed three bankruptcy petitions within a twelve month period. King subsequently failed to file any of the required documents to support his third bankruptcy case, and it was dismissed in January 2007.

### D. Analysis

Movants' original Motion for Judgment on the Pleadings and/or Motion for Summary Judgment (Docket Entry 53) assumed that they qualified as "debt collectors" under the

5

FDCPA. That motion sought dismissal of King's claim in Count II on the theory that Plaintiff had failed to allege that he personally requested validation of the debt. Movants argued that a notarized "affidavit of statement" and a written "notice and demand" (attached as Exhibit E to the original Complaint), failed as a matter of law to constitute a request by a "consumer debtor" for verification of a debt. The court disagreed. As no other argument was offered, the motion as to King's Count II claim was denied.

The instant motion is based upon an entirely different theory. The moving Defendants now argue that King's FDCPA claim against them must fail because they are not "debt collectors" as defined in the Act.

The purpose of the Fair Debt Collection Practice's Act is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

15 U.S.C. §1692g requires a debt collector to cease collection of a disputed debt until the debt collector obtains verification of the debt, or a copy of the judgment, or the name and address of the original creditor, and mails a copy of such verification to the consumer. King's sole claim against Defendants U.S. Bank National Association, America's Servicing Company and Credit Suisse is based upon their failure to cease foreclosure activities after receiving notice from King that he contested the underlying debt.

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business <u>the principal purpose of which is the collection of any debts</u>, or who regularly collects or attempts to collect, directly or indirectly, <u>debts owed or due or asserted to be owed or due</u>

6

> another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purposes of Section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include -
>
> \* \* \*
>
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.
>
> \* \* \*

15 U.S.C. § 1692a (emphasis added). Each of the movants asserts that it is not a "debt collector" as defined in the statute.

The instant motion is supported by the Affidavit of Natasha Dzura, a default litigation specialist for Wells Fargo Bank, N.A., d/b/a America's Servicing Company. The Affidavit asserts facts concerning the status of the moving Defendants in relation to the mortgage and note in issue.

### **America's Servicing Company**

Dzura's Affidavit asserts that America's Servicing Company began servicing the mortgage on the Grixdale real estate in August of 2004, at which time the mortgage loan

7

was current.  King's Complaint makes no contrary allegation, nor does he offer evidence to contradict Dzura's Affidavit.  A loan servicer is not a "debt collector," as required to support a claim under the Fair Debt Collection Practices Act where the borrower was not in default at the time the servicer acquired its interest in the loans.  Brumberger v. Sallie Mae Servicing Corporation, 84 F.Appx. 458 (5th Cir. 2004); Perry v. Stewart Title Co., 756 F.2d 1197, 2008 (5th Cir. 1985).  Because Defendant America's Servicing Company obtained its interest as mortgage servicer prior to the default, it is not a creditor for purposes of the FDCPA, and is entitled to summary judgment.

### U.S. Bank National Association

Defendant U.S. Bank National Association ("U.S. Bank") acquired its interest in the mortgage and note on April 24, 2006 (Docket Entry 65-6).  At that point in time, the mortgage debt was in default.  The Affidavit of Natasha Dzura states that U.S. Bank acquired the mortgage as trustee for Credit Suisse First Boston MBS HEAT 2004-5, as part of a pool of "securitized" loans purchased on the secondary mortgage market for the benefit of the trust.  Securitization involves the sale of a loan by a lender to a new owner - the issuer - who then sells securities to investors.  Those investors purchase "bonds" that entitle them to a share of the cash paid by the borrowers on the mortgages that are in the pool.  Another party, the trustee - holds legal title to the mortgages and notes for the benefit of pool investors. Yet another party - a servicer - collects the payments, distributes them to the trust and pursues delinquencies when necessary.  On the date of the foreclosure sale on January 3, 2007, U.S. Bank, as trustee, remained the holder of the mortgage.

In drafting the FDCPA, Congress expressly distinguished a "creditor" from a "debt collector," and imposed liability only on the latter. Thus, the Act is not applicable to a creditor seeking to recover a debt owed to it. Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3rd Cir. 2000) ("creditors-as opposed to 'debt collectors' - generally are not subject to the FDCPA."). Gary v. Goldman, 180 F.Supp. 2nd 668, 672 (E.D. PA 2002) ("creditors themselves are thus generally not subject to the FDCPA.")

> (4) the term "creditor" means any person . . . to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4) (emphasis added).

As holder of the legal interest in the note and mortgage at issue, Defendant U.S. Bank was clearly the entity to whom the debt was owed. The Affidavit of Natasha Dzura states that the legal interest in the note and mortgage was acquired as part of a pool of "securitized" loans on the secondary mortgage market for the benefit of the trust. Thus, the acquisition was part of an investment for the benefit of the trust beneficiaries. There is no allegation, or evidence, that U.S. Bank received the assignment or transfer "solely for the purpose of facilitating collection of such debt for another," so as to exclude it from the definition of "creditor" under the FDCPA. Furthermore, Plaintiff offers no evidence that U.S. Bank undertook any collection activity whatsoever. On the contrary, the foreclosure notice issued by Defendant Trott and Trott, P.C. specifically stated that it was published on behalf of the "Servicer." (Exhibit A to Complaint). The servicer of King's account was American Servicing Company.

I am satisfied that Defendant U.S. Bank National Association is, under the facts of this case, a "creditor" and not a "debt collector" for purposes of the FDCPA. Plaintiff King has offered no allegation or evidence to support a contrary conclusion. Accordingly, I recommend that the Motion for Summary Judgment be granted as to U.S. Bank National Association.

### Credit Suisse

The mortgage foreclosure notice issued in connection with Plaintiff King's Grixdale real estate named U.S. Bank National Association, as trustee for Credit Suisse First Boston MBS HEAT 2004-5, as the assignee of the mortgage. The Affidavit of Natasha Dzura states that Defendant Credit Suisse is an investment institution that established the trust. Presumably, King named Credit Suisse as a Defendant because its name appears in the trust designation. King's Complaint contains no allegations tending to establish that Credit Suisse had any business relationship with Plaintiff, or any interest whatsoever in the note and mortgage in suit. Nor does the Complaint allege that Credit Suisse undertook any form of debt collection activity with respect to King's account. Dzura's Affidavit establishes that Credit Suisse merely established the Credit Suisse First Boston MBS HEAT 2004-5 trust, on whose behalf U.S. Bank, as trustee, acquired the legal interest in the note and mortgage as a trust asset. The Affidavit establishes that Credit Suisse is neither a creditor nor a debt collector with respect to this Plaintiff. Nothing in King's response to the instant motion establishes otherwise. Therefore, I conclude that Defendant Credit Suisse is entitled to dismissal of King's Count II claim pursuant to Fed.R.Civ.P. 12(c).

### King's Response

King's Answer to Renewed Motion for Summary Judgment by Defendant, with Plaintiff's Counterclaim for Summary Judgment Pursuant to FRCP 56 and Dismissal to (sic) FRCP 12(b), filed on January 22, 2009, fails to address the factual assertions or legal arguments advanced by Defendants in their Motion. King's legal arguments, to the extent that they can be understood at all, appear to raise issues of state law which are not implicated in his Amended Complaint. His Response further asserts facts beyond the scope of the Amended Complaint, and not germain to the instant motion. To the extent that King's submission was intended as a response to the instant motion, I find it completely unpersuasive. To the extent that his filing may be deemed a Motion for Summary Judgment or Dismissal in his favor, I find that it addresses no issue raised in Count II of the Amended Complaint, and I recommend that it be denied.

### Conclusion

For all of the above reasons, I recommend that Defendants U.S. Bank National Association, America's Servicing Company and Credit Suisses' Renewed Motion for Summary Judgment Pursuant to FRCP 56 and Dismissal Pursuant to FRCP 12(c) be granted. I further recommend that Plaintiff's "Counterclaim for Summary Judgment . . . and Dismissal . . ." be denied, and that the Amended Complaint be dismissed in its entirety.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file

specific objections constitutes a waiver of any further right of appeal.  <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Smith v. Detroit Federation of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                    s/Donald A. Scheer  
                                    DONALD A. SCHEER  
                                    UNITED STATES MAGISTRATE JUDGE

DATED: February 6, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on February 6, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 6, 2009: **Jerry King, Jr.**

                                    s/Michael E. Lang  
                                    Deputy Clerk to  
                                    Magistrate Judge Donald A. Scheer  
                                    (313) 234-5217