UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jerry King Jr. and Yvonne Cross,

       Plaintiffs,                                       Case No. 07-11359

v.                                                   Hon. Nancy G. Edmunds

OCWEN, et al.,

       Defendants.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ 71] AS TO TROTT & TROTT, P.C.

      This matter has come before the Court on the Magistrate Judge's Report and Recommendation.  Being fully advised in the premises and having reviewed the record and the pleadings, including the Report and Recommendation and any objections thereto, the Court hereby ACCEPTS the Magistrate Judge's conclusion as stated in the Report and Recommendation, but on a different basis.

      Granting Trott & Trott, P.C.'s motion is appropriate because, on the facts of this case, Trott & Trott may not be held liable for violation of 15 U.S.C. § 1692g.  This conclusion does not necessarily mean that the enforcer of a security interest may never be considered a "debt collector" under the Fair Debt Collection Practices Act and subject to the requirements of 15 U.S.C. § 1692g. *Cf. Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504 (6th Cir. 2007) (addressing whether law firm hired by creditor to institute foreclosure action complied with notice provisions of 15 U.S.C. § 1692g).  Rather, Trott & Trott may not be held liable under 15 U.S.C. § 1692g in this case because King failed to present any argument that Trott & Trott met the general statutory definition of a "debt collector."  *See* 15 U.S.C. § 1692a(6) (defining "debt collector" as one whose business has as its "principal purpose" "the collection of . . . debts" or "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another").  As such, Trott & Trott, P.C. is only subject to the requirements of 15 U.S.C. § 1692f(6), which are applicable to persons whose business has as its "principal purpose" "the enforcement of security interests."

*See Montgomery v. Huntington Bank et al.*, 346 F.3d 693, 701 (6th Cir. 2003) (repossession agency subject only to requirements of 15 U.S.C. § 1692f(6) when plaintiff "has not alleged that [agency] is a business whose 'principal purpose' is debt collection, or that it regularly collects or attempts to collect debts owed to another").

It is further ordered that Trott and Trott, P.C.'s Renewed Motion for Judgment on the Pleadings Pursuant to FRCP 12(c) is GRANTED, Plaintiffs' Counterclaim for Summary Judgment Pursuant to FRCP 56 and Dismissal to FRCP 12(b) [sic] is DENIED, and the case is hereby DISMISSED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 18, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 18, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager